UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA KENNETH LEONARD,

                Petitioner,

     v.

KARIN ARNOLD,

                Respondent.

Case No. 3:26-cv-05194-RSL-TLF

ORDER ON MISCELLANEOUS MOTIONS

Petitioner proceeds pro se in this 28 U.S.C. § 2254 federal habeas corpus action. This matter comes before the Court on petitioner's "motion requesting stand-by counsel" (Dkt. 8), "motion requesting order pursuant to *Brady v. Maryland*" (Dkt. 6), and "motion requesting judicial notice" (Dkt. 7).

<u>MOTION FOR STAND-BY COUNSEL</u>

Petitioner, in his "motion requesting stand-by counsel" (Dkt. 8), argues that counsel should be appointed because "it is in the best interest of judicial economy and resources to appoint Stand-By Counsel so that the instant matter can be resolved fairly and expeditiously without further delay." Dkt. 8.

There is no constitutional right to appointment of counsel in habeas petitions because they are civil, not criminal, in nature. *See Nevins v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996); *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988). Appointment of counsel is mandatory only if the district court determines that an evidentiary hearing

ORDER ON MISCELLANEOUS MOTIONS - 1

is required. *See Terrovona*, 852 F.2d at 429; *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir.1992); Rules Governing Section 2254 Cases, Rule 8(c). If no evidentiary hearing is necessary, the appointment of counsel remains discretionary. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330–31 (9th Cir. 1986).

The Court may request an attorney to represent indigent civil litigants under 28 U.S.C. § 1915(e)(1) but should do so only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal citation and quotation marks omitted). These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id*.

The Court finds that petitioner has not shown this matter presents complex issues or exceptional circumstances supporting the appointment of counsel in this case. Petitioner has not shown a likelihood of success on the merits and the Court has not recommended an evidentiary hearing.

Petitioner's "motion requesting stand-by counsel" (Dkt. 8) is denied without prejudice.

The "motion requesting order pursuant to *Brady v. Maryland*" requests the Court order respondent to "produce all records establishing the record at trial" including: 1) complete verbatim report of proceedings of arraignment; 2) "any correspondence between Judge, Prosecutor, and Defense counsel in relation to violations of *Brady v.*

ORDER ON MISCELLANEOUS MOTIONS - 2

*Maryland*, and sentencing of the Petitioner." Dkt. 6. Petitioner also requests that the Court hold an evidentiary hearing.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 1796–97, 138 L. Ed. 2d 97 (1997)." Rather, the district court may order discovery upon a showing of "good cause." *Id.*; Rule 6(a) of Rules Governing § 2254 Cases. Good cause is shown if the petitioner makes " 'specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief.' " *Bracy*, 520 U.S. at 908 (quoting Harris v. Nelson, 349 U.S. 286, 300 (1969)).

Here, the respondent has not yet filed an answer or the relevant state court record in this matter. Some of the records petitioner identifies may be included in the state court record filed by respondent. Further, because respondent has not yet filed an answer, the Court cannot yet determine whether the documents petitioner seeks will be necessary or relevant to its decision on the petition or whether an evidentiary hearing will be necessary to decide the petition. Accordingly, petitioner's motion (Dkt. 6) is denied without prejudice as premature.

"MOTION REQUESTING JUDICIAL NOTICE"

The "motion requesting judicial notice" asks the Court to take judicial notice of 1) the accompanying brief filed in support of the Habeas Corpus petition; 2) the supporting exhibit document entitled "Defense Sentencing Memorandum"; 3) the supporting exhibit document entitled "Objection on record of violation of *Brady v. Maryland* (1963)/Motion

ORDER ON MISCELLANEOUS MOTIONS - 3

to Exclude Evidence["]; and 4) verbatim report of proceedings pertaining to petitioner's trial and sentencing. Dkt. 7.

Federal Rule of Evidence 201 provides that judicial notice extends to facts that are "not subject to reasonable dispute" because they are either (a) "generally known within the territorial jurisdiction of the trial court" or (b) "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Courts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute." *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003) (citing Fed. R. Evid. 201(b)); *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 999 (9th Cir. 2018).

Here, petitioner fails to show that it is appropriate for the Court to take judicial notice of the cited documents. First, it is unclear the purpose for which petitioner is requesting the Court take judicial notice of these documents. The accompanying brief filed in support of petitioner's habeas petition and the "Defense Sentencing Memorandum" and "Motion to Exclude Evidence" contain petitioner's and his defense counsel's arguments in support of his claims for relief (at the state court level and in the instant habeas action) – such arguments are not "adjudicative facts that are not subject to reasonable dispute." Because the respondent has not yet filed an answer or the state court record, it is not clear whether these documents will ultimately be relevant to the Court's decision on the petition. However, to the extent these documents are relevant to the resolution of the petition, the Court will consider them as appropriate in deciding the petition.

Accordingly, petitioner's motion for judicial notice is denied without prejudice.

ORDER ON MISCELLANEOUS MOTIONS - 4

CONCLUSION

Petitioner's "motion requesting stand-by counsel" (Dkt. 8), "motion requesting order pursuant to *Brady v. Maryland*", (Dkt. 6), and "motion requesting judicial notice" (Dkt. 7) are DENIED without prejudice.

The Clerk shall provide copies of this order to petitioner and counsel for respondent.

Dated this 30th day of April, 2026.


*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER ON MISCELLANEOUS MOTIONS - 5