UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA KENNETH LEONARD,

Petitioner,

v.

KARIN ARNOLD,

Respondent.

Case No. 3:26-cv-05194-RSL-TLF

ORDER GRANTING REQUEST TO STAY AND DIRECTING STATUS REPORTS

Petitioner is unrepresented by counsel in this 28 U.S.C. § 2254 federal habeas corpus action. The Court has directed service of the petition. Dkt. 9.

By order dated April 23, 2026, the Court noted that it appeared the petition may be a “mixed petition” and directed petitioner “to inform the Court of his choice to request the Court take action on one of these three options: (1) dismiss the mixed petition without prejudice; or (2) stay the mixed petition; or (3) proceed solely on the exhausted claims.” Dkt. 11. The Court also struck the deadline for respondents to file an answer pending a response from petitioner. *Id.*

Petitioner filed response to the Court’s order requesting that the Court stay the petition while he litigates a personal restraint petition (“PRP”) in state court which he indicates includes separate claims for ineffective assistance of counsel and under *Brady v. Maryland*, 373 U.S. 83 (1963) that he intends to raise in this federal habeas action. Dkt. 16.

Respondent filed a response to the request to stay indicating that she does not oppose the request to stay while petitioner litigates his pending PRP on the condition that (1) petitioner file status reports every 90 days and provide prompt notice of completion of each material state-court disposition; (2) petitioner file an amended petition if newly exhausted claims are pursued within forty-five days after state review concludes; and (3) it be recognized respondent's position is not a concession petitioner satisfied all elements set forth in *Rhines v. Weber*, 544 U.S. 269 (2005) and that those issues – including whether any unexhausted claim is potentially meritorious, timely, properly exhausted, or otherwise eligible for federal review -- are preserved, and respondent reserves all defenses, including timeliness, exhaustion, procedural default, relation back, cognizability, and the merits. Dkt. 17. Petitioner did not file a reply to respondent's response.

Upon review of the pleadings and record, the Court ORDERS:

1. The request to stay habeas proceedings, Dkt. 16, is **GRANTED** and this matter is **STAYED**.

2. Petitioner and respondent shall file a joint status report, or if there is disagreement then they may file separate status reports, every **90 days** regarding the status of the PRP, any appellate filings, and the next anticipated deadlines or dates in state court. The first status report shall be due on **November 11, 2026**.

3. Petitioner shall provide prompt notice upon completion of state court review, including any appellate review, and shall immediately move to lift the stay.

4. If petitioner seeks to pursue in this Court newly exhausted claims, he must file an amended federal habeas petition within **45 days** of the date the stay of

proceedings is lifted. If petitioner fails to timely file an amended habeas petition, the original petition filed at Dkt. 5 will be the operative petition.

5. The Court's order staying proceedings does not constitute a concession by respondent that petitioner has met all elements set forth in *Rhines v. Weber*, 544 U.S. 269 (2005), -- including whether any unexhausted claim is potentially meritorious, timely, properly exhausted, or otherwise eligible for federal review --, and does not constitute a waiver by respondent of any defenses including timeliness, exhaustion, procedural default, relation back, cognizability, and the merits.

6. Respondent shall file the relevant state-court record within **90 days** of the date an order lifting the stay of proceedings is entered or, if petitioner files an amended petition, within **90** days of petitioner's filing of an amended petition.

7. The Clerk shall provide a copy of this order to the petitioner, counsel for respondent, and the assigned District Judge.

Dated this 13th day of August, 2026.

Theresa L. Fricke

Theresa L. Fricke
United States Magistrate Judge